[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR REMITTITUR
This case involved a claim by the plaintiff for monetary damages against the defendants in three counts: breach of contract, quantum meruit (reasonable value of service) and unjust enrichment.
After hearing the evidence and testimony presented at trial, the jury found for the defendants as to breach of contract and found for the plaintiff as to the remaining two counts. The jury awarded the plaintiff the sum of $64,000.00 as damages.
The defendants have moved this court to reduce the amount of the jury verdict of $64,000.00 rendered on behalf of the plaintiff in the above-captioned matter for the following reasons:
 (1) there was no evidence or insufficient evidence to establish that the plaintiff had been damaged;
(2) there was no evidence as to the value of the plaintiff's services; and CT Page 8465
 (3) there was no credible evidence as to the value of the Cape Cod property.
"A jury's determination of damages should be set aside only when the verdict is clearly exorbitant and excessive . . . or the size of the verdict is so shocking to a sense of justice that it leads us to the conclusion that the jury was influenced by prejudice, partiality, mistake or corruption." Gilliard v. Van-Court Property Management Services,Ltd., 64 Conn. App. 637, 644 (2001).
The evidence and testimony elicited at trial included allegations concerning the nature of the work performed by the plaintiff, the plaintiff's understanding as to the compensation he expected to receive, the assessor's value of the subject property in 2000, the defendant's understanding as to the value of the plaintiff's services and their understanding as to the consideration for his labors. [Reference is made to the memorandum of decision dated July 2, 2002 regarding the defendants' motion to set aside the verdict in this case].
Having considered the foregoing motion, the court finds that, as a matter of law, the jury verdict is not excessive for any of the reasons cited by the defendants. The motion for remittitur is hereby denied.
By the Court,
 ___________________, J. Joseph W. Doherty, Judge